## KILLOUGH v. LOWRANCE.

No. 22530.  Sept 18, 1934.

Bingham, Clearman & Speed, for plaintiff in error.

D. W. Tracy, A. M. Hendrix, and Melrose Minton, for defendant in error.

CULLISON, V. C. J.  Willard G. Lowrance, as plaintiff, filed suit against Wayne Watson and Walter Killough, as defendants, seeking to recover $150 damages to his car resulting from an automobile collision between the cars of plaintiff and defendants. The case was filed in the justice court, appealed from the justice court to the county court, and retried in the county court, where plaintiff recovered a judgment. Defendant appeals to this court, and contends that said verdict is contrary to the law, and that plaintiff failed to state a cause of action against defendant Walter Killough.

We will consider said propositions together. The record discloses that Walter Killough was the owner of an automobile, and that he sent Wayne Watson in said car on a mission for defendant Killough. While traveling on said mission, and while driving Killough's car, Watson collided with the car

owned and driven by plaintiff, and plaintiff's car was damaged as a result of said collision. Plaintiff seeks to recover in this suit for said damage.

While plaintiff's bill of particulars as filed in the justice court was not a masterpiece of pleadings, and should have contained further allegations relative to Watson being the agent of Killough at the time of said accident, yet the record does disclose testimony to the fact that Watson was the agent of Killough, and thereafter the plaintiff amended his bill of particulars so as to show that the car was the property of Killough, operated by Watson on business for Killough and as Killough's agent. This amendment of the bill of particulars was sufficient to cure the defect in said bill of particulars relative to the failure to plead that Watson was the agent of Killough at the time of the accident. There had been previously introduced evidence substantiating the allegations in the bill of particulars.

The question presented is:

"Was it permissible for plaintiff to amend his bill of particulars at the time said amendment was made so as to make the bill of particulars conform to certain evidence introduced at said trial which showed that Watson was acting as the agent of Killough?"

Under the provisions of section 879, O. S. 1931, and more particularly section 251, O. S. 1931, as the same pertains to the amendment of pleadings, we hold that the court did not commit reversible error in permitting plaintiff to amend his pleading as amended in the case at bar. Our holding upon the point just presented determines this case, and we do not consider it necessary to discuss the other matters herein presented. The judgment of the trial court is affirmed.

RILEY, C. J., and McNEILL, OSBORN, and BUSBY, JJ., concur.